**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GENE GERALD VANWINKLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64947

**FILED**

MAY 18 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of principal to obtaining and using personal identifying information of another person. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge.

Appellant Gene Gerald VanWinkle argues that the district court erred in denying his motion for arrest of judgment, to set aside the verdict, and/or for a new trial because the amended information did not adequately advise him of the crimes with which he was charged and allowed the State to change its theory of prosecution during the trial. VanWinkle argues that the State's initial theory was that he obtained the personal identifying information of another person through the mail and gave it to his codefendant but that the State's theory at the conclusion of the trial was that he either obtained it through the mail or from his codefendant.

We apply a reduced standard to test the sufficiency of the amended information because no objection was made to it until after the jury verdict. *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 670 (1970). For the information to be insufficient, it must be "so defective that by no construction, within the reasonable limits of the language used, can it be

said to charge the offense for which the defendant was convicted." *Id.* (internal quotation marks omitted).

NRS 205.463(1) provides, in relevant part, that a person who knowingly "[o]btains any personal identifying information of another person" and intentionally uses that information for any unlawful purpose is guilty of a felony. Here, the amended information alleged that VanWinkle "obtained" a debit card number and/or personal identification number ("PIN") belonging to another person and used the debit card and/or PIN or assisted his codefendant in using them at ARCO to purchase gasoline (count 1), and at the AM/PM convenience store to obtain currency or merchandise (count 2). The amended information made reference to the statutes under which VanWinkle was charged and alleged the time, place, and method or manner in which he committed the offenses. Thus, we conclude that the amended information plainly charges the offenses for which VanWinkle was convicted. *See* NRS 173.075(1); *see Laney*, 86 Nev. at 178, 466 P.2d at 669.

VanWinkle's sole argument is that the amended information is defective because it does not specify where or how he obtained the debit card number and PIN. He contends that because the evidence at the preliminary hearing showed only that he obtained the personal identifying information in the mail, the State should not have been able to argue at trial that he may have received it from his codefendant. We disagree and conclude that the amended information included the relevant facts and essential elements of the offense. The fact that the information did not specify how or where VanWinkle obtained the debit card number and PIN did not render it deficient or prevent VanWinkle from preparing his defense. Notably, the basis for the State's argument that VanWinkle may

have obtained the debit card number and PIN from his codefendant was VanWinkle's own statement to the police, which was admitted at trial but not at the preliminary hearing due to VanWinkle's objection. Thus, VanWinkle was aware of the two different theories as to how and where he obtained the personal identifying information. Accordingly, we conclude that the amended information was sufficient to support the judgment of conviction, and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Ninth Judicial District Court Dept. 2
       Kristine L. Brown
       Attorney General/Carson City
       Douglas County District Attorney/Minden
       Douglas County Clerk

---

[1]VanWinkle's fast track statement does not comply with the provisions of NRAP 3C(h)(1) and NRAP 32(a)(4) and (a)(5) because it does not have 1-inch margins on all four sides and it uses 12-point font instead of 14-point font as represented in the verification. We caution VanWinkle's counsel, Kristine L. Brown, that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. NRAP 3C(n) NRAP 32(e).